UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIMAS ABEL C.C.,

          Petitioner,

    v.

WARDEN OF THE MESA VERDE
DETENTION CENTER, et al.,

          Respondents.

No. 1:26-cv-01955-TLN-CSK

A # 246-061-071

**ORDER**

This matter is before the Court on Petitioner Dimas Abel C.C.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  On March 12, 2026, Respondents filed a response. (ECF No. 7.)  For the reasons set forth below, Petitioner's petition is GRANTED.  (ECF No. 1.)

### I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner entered the United States without inspection at an unknown date and time. (ECF No. 7 at 2.)  On January 29, 2026, Department of Homeland Security officials went to Petitioner's job site, approached Petitioner and questioned him about his immigration status, and detained him.  (ECF No. 1 at 3; ECF No. 7 at 2.)

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.  (ECF No. 1 at 5.)  In opposition, Respondents contend Petitioner is an "applicant for admission" subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").  (ECF No. 7 at 1.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").  These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts evaluate procedural due process claims in two steps: the first asks whether there exists a protected liberty interest, and the second examines the procedures necessary to ensure any deprivation of that interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

First, the Court finds Petitioner has a protected liberty interest in his continued freedom. *Morrissey*, 408 U.S. at 482; *see Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025) ("Accordingly, a noncitizen released from custody pending immigration proceedings has a protected liberty interest in remaining out of custody.").

Second, the Court finds that pursuant to the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his redetention. *See C.C. v. Warden of the Cal. City Correction Ctr, et al., No. 2:26-CV-00958-TLN-DMC, 2026 WL 808055, at *5 (E.D. Cal. Mar. 24, 2026)*. He received neither. Accordingly, the Court finds Respondents violated Petitioner's due process rights.

Therefore, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

**IV.     CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED:

1.      Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2.      Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

3.      The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: March 31, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3